NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KORENA R. CLARK, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant-Appellee. | No. 20-35749 <br><br> D.C. No. 6:19-cv-00369-MC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted November 10, 2021**
Seattle, Washington

Before: GOULD, TALLMAN, and BUMATAY, Circuit Judges.

Korena R. Clark appeals from the district court's decision affirming the

Commissioner of Social Security's finding that she is not entitled to Supplemental

Security Income ("SSI") under the Social Security Act. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the district court's order affirming the denial of social security benefits by the administrative law judge ("ALJ") de novo and reverse only if the ALJ's decision was not supported by substantial evidence or was based on legal error. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted). We affirm.

1. Substantial evidence supports the ALJ's weighing of the medical opinion evidence. The ALJ discounted Dr. Brenizer's opinion, concluding it was inconsistent with the findings of her examination. For example, Dr. Brenizer opined that Clark had moderate to marked limitations in cognitive, adaptive, and social functioning and would likely have conflicts at work and be absent many days. Yet, during her examination of Clark, Dr. Brenizer described her as appearing fully oriented, with normal speech, intact memory, and with intact insight and judgment. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that incongruity between a doctor's opinion and the medical record provides a "specific and legitimate reason[] for rejecting" the doctor's opinion (citation and internal quotation marks omitted)).

Clark argues that the ALJ improperly rejected Dr. Brenizer's opinion as relying too heavily on Clark's subjective reports. Generally, an ALJ may reject

2

medical opinions "premised to a large extent upon the claimant's own accounts of his symptoms and limitations . . . where those complaints have been properly discounted." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (citation omitted). But the "rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* As discussed above, however, the ALJ rejected Dr. Brenizer's opinion in part based on inconsistencies with Dr. Brenizer's own objective evaluation.

The ALJ gave only some weight to Dr. Smyth's opinion. Dr. Smyth concluded that Clark had poor interpersonal skills, low-average motivation, and that she was at times sidetracked due to labile decompensation. But the ALJ found that these opinions were not entirely consistent with the results of Dr. Smyth's examination of Clark. Namely, Smyth noted that Clark had intact cognition, intact memory, and good grooming. She was also capable of recalling two out of three objects, listing the days of the week in reverse order, and understanding and recalling short and simple instructions. *See Tommasetti*, 533 F.3d at 1041.

Moreover, substantial evidence supports the ALJ's conclusion to give great weight to Dr. Kessler's opinion rather than to Dr. Smyth and Dr. Brenizer's opinions. "Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with

3

other independent evidence in the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ found Dr. Kessler's opinion that Clark would be limited to conducting simple tasks with only occasional contact with the public to be consistent with the objective findings of the examining experts. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (holding that in cases of conflict between medical opinions, the ALJ need only give "specific and legitimate reasons" supported by the record for rejecting an examining doctor's opinion).

2. Substantial evidence supports the ALJ's "specific, clear and convincing reasons" for discounting Clark's own testimony on her limitations. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). The ALJ noted that Clark's comments regarding the "intensity, persistence and limiting effects" of her symptoms were not consistent with evidence in the record. For example, in July 2014, approximately seven months before her SSI application, her primary care physician described her as appearing alert and cooperative, with a normal attention span and mood. Her physician recommended that she restart psychiatric medication and advised her to stop using alcohol and other drugs. And a few months after her SSI application, Clark noted some improvement in her depression and a positive reaction to medication. Additionally, the ALJ noted that Clark made conflicting reports about her alcohol use. *See Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record

4

is a sufficient basis for rejecting the claimant's subjective testimony."). The ALJ also noted that Clark's symptoms showed some improvement with treatment. "Such evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Moreover, the ALJ appropriately acknowledged some of Clark's limitations by restricting her residual functional capacity to "understanding, remembering, and carrying out simple, routine, and repetitive tasks with no more than occasional contact with the general public." Substantial evidence supports the ALJ's conclusions.

**AFFIRMED.**